IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 03-cv-02112-WYD-BNB

MICHAEL R. LYNCH,

      Plaintiff,

v.

LLOYD T. BULMAN, et al.,

      Defendants.

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

_____

I.      <u>INTRODUCTION</u>

      THIS MATTER is before the Court in connection with the following dispositive

motions filed January 14, 2005: (1) Defendant Bulman's Motion to Dismiss Plaintiff's

Amended Complaint or in the Alternative Motion for Summary Judgment; (2)

Defendant John Case's Motion to Dismiss Plaintiff's Amended Prisoner Complaint or

in the Alternative for Summary Judgment; and (3) Defendants John L. Latta and John

L. Latta, P.C.'s ["Latta"] Motion to Dismiss Plaintiff's Amended Prisoner Complaint or

in the Alternative for Summary Judgment. These motions were referred to Magistrate

Judge Boland for a recommendation by Order of Reference dated December 30,

2003.

Magistrate Judge Boland issued a Recommendation of United States Magistrate Judge ["Recommendation"] on May 11, 2005. He recommended therein that Defendants' motions be granted and that this action be dismissed in its entirety. That Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

Magistrate Judge Boland also issued a Recommendation on November 9, 2004, recommending that Latta's second motion to dismiss filed March 5, 2004, be denied as successive. The November 2004 Recommendation is denied as moot in light of the Court's Order Regarding Recommendations of United States Magistrate Judge filed January 13, 2005, that denied Latta's second motion to dismiss as moot.

On September 13, 2005, after receiving numerous extensions of time, Plaintiff filed objections to Magistrate Judge Boland's May 11, 2005 Recommendation. Responses to the objections were filed by Defendants on September 16 and 22, 2005. Plaintiff's objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). In addition to filing objections, Plaintiff also filed a Motion to Amend Complaint, with a proposed Amended Complaint. Responses to this motion were filed on September 15 and 22, 2005. I first address the Motion to Amend Complaint and then address Plaintiff's objections to Magistrate Judge Boland's recent Recommendation.

II.    ANALYSIS

A.    Motion to Amend Complaint

Plaintiff's Motion to Amend Complaint asserts that he "became aware of the need to amend his Complaint when he performed his research to prepare his Objection to Magistrate Judge's Recommendation." Mot. to Amend Compl. at 1. He further asserts that "'[i]t is apparent from the Recommendation that the Court believes that Lynch still has not stated the alleged federal constitutional violations with sufficient specificity.'" *Id.* Lynch states that most, if not all, of the amendments were already evidenced in his prior amended complaint but that he, as a pro se litigant, was unaware that it was necessary to use specific language to state a cognizable constitutional claim. He further states that the motions to dismiss allowed him to recognized and clarify his legal theories, but that he "has not had an opportunity to request permission to amend his Complaint again due to the press of other pending legal matters." *Id.* at 1-2.

FED. R. CIV. P. 15(a) provides that leave to amend 'shall be freely given when justice so requires.'" *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.*; *see also Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990). Untimeliness is also a sufficient reason to deny leave to amend, especially when the party filing the

motion has no adequate explanation." *Frank*, 3 F.3d at 1365. "Furthermore, '[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'" *Id.* (quotation omitted).

In the case at hand, I find that Plaintiff's motion to amend must be denied as untimely. Plaintiff admits that the motions to dismiss filed by Defendants allowed him to recognize the legal theories at issue, and that he did not seek leave to amend earlier because of the press of other pending legal matters. The current motions to dismiss have, however, been pending over eight (8) months, and the Recommendation has been pending over four (4) months. It was improper for Plaintiff to wait until months after the motions were filed and a Recommendation was issued to seek leave to amend. It is also improper for Plaintiff to rely on "other pending legal matters" as a basis not to timely seek to amend in this case.

Further, Plaintiff has not identified any newly discovered facts upon which this proposed amendment is based, and the facts pled in the proposed amended complaint appear to have been known to Plaintiff throughout the pendency of this case. As to alleged new legal theories, I note that Plaintiff previously was given an opportunity to amend his complaint in response to motions to dismiss previously filed that addressed the same legal theories. Plaintiff should not be allowed yet another opportunity to try to cure the deficiencies in the complaint. Finally, I find that leave to amend should be denied because the amendment would be futile. The

amendments proposed by Plaintiff do not cure the problems with Plaintiff's claims that are noted in the Recommendation and Defendants' responses to the objections.

B.   Recommendation that the Action Be Dismissed

Magistrate Judge Boland found in the Recommendation that the Amended Complaint asserts numerous frivolous claims, including claims brought under the Colorado Constitution that Plaintiff does not have an implied cause of action under. *Recommendation* at 7.  He also found that Plaintiff does not have a private civil cause of action under federal criminal statutes, the automatic stay provisions of the United States Bankruptcy Code and the Colorado Rules of Professional Conduct cited by Plaintiff in the complaint.  *Id*. at 8.  To the extent Plaintiff claims violations of the Privileges and Immunities Clause, the Equal Protection Clause and the Due Process Clause, Magistrate Judge Boland found that Plaintiff did not allege any facts that would invoke these clauses.  *Id*.

As to Plaintiff's federal constitutional claims, Magistrate Judge Boland found that the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as they "necessarily imply the invalidity of [Plaintiff's] conviction."  *Id*. at 8-10.  Accordingly, he recommends that those claims (Claims One through Four) be denied without prejudice.  Finally, Magistrate Judge Boland finds as to Claims Five through Ten that they should be construed solely as state law based torts and that the Court should decline to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3).

Plaintiff's objections first dispute numerous "material facts" found by Magistrate Judge Boland.  The Recommendation, however, did not rely on any factual issues in reaching a decision but on a legal analysis of the claims.  Accordingly, this objection is without merit.  As to the claims based on violations of the Colorado Constitution, federal criminal statutes, the automatic stay provisions of the Bankruptcy Code and/or the Colorado Rules of Professional Conduct, Plaintiff's objections present no legal authority to contradict the Recommendation's findings that the claims are not viable.  The same holds true as to the claims based on procedural due process and equal protection.  While Plaintiff believes that he has adequately asserted such claims, he points to no facts or law that support them.

As to the federal claims, Plaintiff objects to the blanket application of *Heck* to bar such claims.  He argues that his underlying convictions are simply irrelevant to the legality of his arrest or his right to compensation under 42 U.S.C. § 1983.  I disagree.  I agree with Magistrate Judge Boland that Plaintiff cannot prove there was no probable cause for his arrest without first proving that his conviction beyond a reasonable doubt was invalid.  I also reject Plaintiff's other arguments as to why *Heck* is inapplicable, finding no basis to them.

As to Plaintiff's argument that the Recommendation is a procedural maneuver wherein the magistrate judge declined supplemental jurisdiction as a basis to eliminate any cognizable federal claims, I find this to be frivolous.  Since the federal claims are barred by *Heck*, it is within the Court's discretion to decline to exercise

-6-

supplemental jurisdiction over the state claims. 28 U.S.C. § 1367(3)(c). Finally, I have considered Plaintiff's remaining arguments in the objections, and find no basis to reject the Recommendation. I find that the Recommendation is soundly reasoned and consistent with law, and should be affirmed.

IV.   CONCLUSION

In conclusion, for the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge filed November 9, 2004, is **DENIED AS MOOT**. It is

FURTHER ORDERED that Plaintiff's Motion to Amend Complaint filed September 13, 2005, is **DENIED**. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge filed May 11, 2005, is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendant Bulman's Motion to Dismiss Plaintiff's Amended Complaint or in the Alternative Motion for Summary Judgment; Defendant John Case's Motion to Dismiss Plaintiff's Amended Prisoner Complaint or in the Alternative for Summary Judgment; and Defendants John L. Latta and John L. Latta, P.C.'s Motion to Dismiss Plaintiff's Amended Prisoner Complaint or in the Alternative for Summary Judgment (filed January 14, 2005), are **GRANTED** consistent with the Recommendation. It is

FURTHER ORDERED that Claims One through Four are **DISMISSED WITHOUT PREJUDICE**. As to Claims Five through Ten, the Court declines to exercise

supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3), and the

claims are thus also **DISMISSED WITHOUT PREJUDICE**.

      Dated:  September 26, 2005

                      BY THE COURT:


                      s/ Wiley Y. Daniel
                      Wiley Y. Daniel
                      U. S. District Judge