IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 03-cv-02112-WYD-BNB

MICHAEL R. LYNCH,

     Plaintiff,

v.

LLOYD T. BULMAN, et al.,

     Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on Lynch's Motion to Vacate or Modify Order Dated September 26, 2005. The motion is filed pursuant to Fed. R. Civ. P. 60(b)(1) and (6) and seeks to vacate or modify the Court's Order Affirming and Adopting Recommendation of United States Magistrate Judge filed September 26, 2005. Pursuant to that Order, the Court granted the dispositive motions of the Defendants. Certain claims were dismissed with prejudice while the remainder of Plaintiff's claims were dismissed without prejudice. For the reasons stated below, Lynch's motion is denied.

First, I reject the argument that the Order should be vacated or modified because Lynch did not have the opportunity to file a reply to Defendants' responses to Plaintiff's objections. The Court is not required to allow a party to reply before ruling. *See* D.C.COLO.LR 7.1(C) ("Nothing in this rule precludes a judicial officer from ruling

on an motion at any time after it is filed).  While Lynch's reply brief argues that he had a procedural right to file a reply once Defendants filed their responses, he cites no authority for this argument.

Further, as to the merits of Plaintiff's motion, "[r]elief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment."  *Van Skiver*, 952 F.2d at 1243-44.  Where the party seeking relief under Rule 60(b) simply "reiterate[s] the original issues raised in the[] complaint and [seeks] to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position". . . [s]uch arguments are properly brought under Rule 59(e) within ten days of the district court's judgment or on direct appeal but do not justify relief from the district court's judgment pursuant to Rule 60(b)."  *Id.* at 1244.  Here, I find that Defendant's arguments do challenge the legal correctness of the Order, and that many, if not all, of the arguments should have been made pursuant to a motion filed under Rule 59(e).  Such a motion was not made.[1]

To the extent that Plaintiff's arguments are properly addressed under Rule 60(b), I first reject the argument that Plaintiff is entitled to relief under Rule 60(b)(1).  Rule

---

[1] Further, if I construe this motion as seeking relief under Rule 59(e), it was not filed within ten (10) days of the Court's Order.

60(b)(1) permits a court to set aside a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Plaintiff has not shown that any of these grounds justify setting aside the Order in this case. Further, "Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996).

The Tenth Circuit "has recognized that in some instances relief may be granted under Rule 60(b)(1) on a theory of mistake of law, when. . . the Rule 60(b) motion is filed before the time to file a notice of appeal has expired." *Van Skiver*, 952 F.2d at 1244. "However, such relief is available only for obvious errors of law, apparent on the record." *Id*. Here, Plaintiff has not shown that there were any obvious errors of law.

For example, to the extent Plaintiff argues that the Court erred in denying him leave to amend his complaint, Plaintiff has not shown that the Court's conclusions that the amendment was untimely and/or futile were errors of law. Further, to the extent Plaintiff argues that the Court erred in not reviewing the Magistrate Judge's Recommendation on a *de novo* basis, Plaintiff is mistaken. The Court did review the Recommendation and objections thereto on a *de novo* basis, as stated in the September 26, 2005 Order. Plaintiff's arguments to the contrary are unavailing.

As to the request to grant Plaintiff's motion under Rule 60(b)(6), I note that a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner*, 98 F.3d at 579. I find that

Plaintiff has not demonstrated that extraordinary circumstances require the Order to be vacated or modified. I further deny Plaintiff's request to hold the Order in abeyance pending the Colorado Court of Appeals' ruling on his appeal. Plaintiff cites no legal authority that supports granting such a request.

Based upon the foregoing, it is

ORDERED that Lynch's Motion to Vacate or Modify Order Dated September 26, 2005 (filed October 12, 2005) is **DENIED**.

Dated: November 17, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge