IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 03-cv-02112-WYD-BNB

MICHAEL R. LYNCH,

    Plaintiff,

v.

LLOYD T. BULMAN, et al.,

    Defendants.

_____

**ORDER**
_____

    THIS MATTER is before the Court on Lynch's Motion to Vacate or Modify Order Entered November 18, 2005.[1]  Lynch argues that the Order of November 18, 2005, that denied a previous motion to vacate or modify (Lynch's Motion to Vacate or Modify Order Dated September 26, 2005) improperly failed to treat Lynch's motion under the less stringent standard of Rule 59(e), as compared to Rule 60.  Lynch's current motion is denied.

    I first note that Lynch's previous motion that was denied in the Order did not seek to vacate or modify the order under Rule 59.  Instead, it sought to vacate or modify the September 26, 2005 Order only pursuant to Fed. R. Civ. P. 60(b)(1) and (6).  If I construe Lynch's current motion as a request to now consider Lynch's Motion to

---

[1] According to the Court's docket, this Order was actually filed November 17, 2005, not November 18, 2005.

Vacate or Modify as a motion under Rule 59, I still find that Lynch is not entitled to relief.  There are three major grounds that justify reconsideration under Rule 59(e):  (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Brunswick v. Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).  "'[A] motion for reconsideration is not a license for a [party] to get a 'second bite at the apple'" and make legal arguments that could have been raised before."  *Mantle Ranches*, 950 F. Supp. at 300.

Lynch's present motion asks the Court to vacate or modify its November Order "after reconsidering Lynch's Motion [to Vacate or Modify Order Dated September 26, 2005], and Lynch's Reply in support of his Motion. . . ."  Having reviewed Lynch's Motion to Vacate or Modify Order Dated September 26, 2005 and the Reply thereto, I find that Plaintiff has not stated any grounds therein that entitle him to relief under Rule 59(e).  There has been no change in the controlling law, and Plaintiff did not rely on any new evidence.  I also find, for many of the reasons discussed in the Order filed November 17, 2005, that Plaintiff has not shown clear error or the need to prevent manifest injustice.  Accordingly, it is

ORDERED that Lynch's Motion to Vacate or Modify Order Entered November 18, 2005 (filed December 6, 2005) is **DENIED**.

Dated:  December 8, 2005

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge
